IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

LADARRIUS MCGOWAN, #211826                                        PLAINTIFF

VERSUS                              CIVIL ACTION NO. 5:22-cv-46-DCB-FKB

AISHA PULLIAM, SGT. BIANCA REESE,
AND CAPT. VICTORIA DAY                                          DEFENDANTS

## REPORT AND RECOMMENDATION

This case is before the Court on Defendants' Motion for Summary Judgment [35] based on Plaintiff's failure to exhaust administrative remedies. Having considered the parties submissions and the applicable law, the undersigned recommends that the motion [35] be granted and this case be dismissed.

I.       BACKGROUND

Plaintiff Ladarrius McGowan is a convicted inmate in the custody of the Mississippi Department of Corrections ("MDOC"). He is proceeding *pro se* and *in forma pauperis*, subject to the Prison Litigation Reform Act ("PLRA"), and brings this suit pursuant to 42 U.S.C. § 1983. *See* Compl. [1] at 3; Order [8].

Plaintiff complains about an incident that occurred while he was housed in the Wilkinson County Correctional Facility ("WCCF") in Woodville, Mississippi. Plaintiff states that on September 24, 2021, while attempting to take a shower, Defendants told him he could not. [1] at 5. After stepping out of the shower, Plaintiff was placed in handcuffs. *Id*. Plaintiff was then "yanked" and dragged to his cell. *Id*. Plaintiff further states that he headbutted Defendant Pulliam and she in turn sprayed him with mace. *Id*. After Plaintiff was pushed to the ground by Defendants Reese and Day, Plaintiff alleges that Defendant Pulliam kicked him in the head and

struck him with a can of mace "multiple times." *Id.* The Court held an omnibus hearing during which Plaintiff reiterated his claims. *See* [42].

On June 21, 2023, Defendants filed the instant motion, arguing that Plaintiff failed to properly exhaust his available administrative remedies against her prior to filing this lawsuit. *See* [35] at 1. Plaintiff was granted until July 12, 2023, to file a response. Order [43] at 1. He did not file a response, and the time for doing so has expired.

II.    RELEVANT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue of fact is genuine if the "'evidence is sufficient to permit a reasonable factfinder to return a verdict for the nonmoving party.'" *Lemoine v. New Horizons Ranch & Ctr., Inc.*, 174 F.3d 629, 633 (5th Cir. 1999) (quoting *Colston v. Barnhart*, 146 F.3d 282, 284 (5th Cir.), *cert. denied*, 525 U.S. 1054 (1998)). Issues of fact are material if "resolution of the issues might affect the outcome of the suit under governing law." *Lemoine*, 174 F.3d at 633. The Court does not, "however, in the absence of any proof, assume the nonmoving [or opposing] party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(emphasis omitted). Moreover, the nonmoving party's burden to come forward with "specific facts showing that there is a genuine issue for trial," *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), is not satisfied by "conclusory allegations" or by "unsubstantiated assertions," or by only a "scintilla" of evidence. *Little*, 37 F.3d at 1075.

2

III.    <u>DISCUSSION</u>

Statutory and case law require a prisoner to exhaust administrative remedies, regardless of the relief sought, before filing a § 1983 action in federal court.  The relevant portion of 42 U.S.C. § 1997e, as amended by the PLRA, states the following:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a)(Supp. 2000).  In *Booth v. Churner*, 532 U.S. 731 (2001), the Supreme Court held that § 1997e, revised as a part of the PLRA, requires an inmate to exhaust administrative remedies before bringing an action with respect to prison conditions, regardless of the relief offered through administrative procedures. *Booth*, 532 at 739–41.  The Supreme Court further explained that the PLRA's exhaustion requirement is mandatory and applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.  *See Porter v. Nussle*, 534 U.S. 516 (2002); *see also Jones v. Bock*, 549 U.S. 199 (2007) (reaffirming that exhaustion is mandatory; stating that it is an affirmative defense).

The United States Court of Appeals for the Fifth Circuit has reiterated the principles found in these cases.  In *Gonzales v. Seal*, 702 F.3d 785 (5th Cir. 2012), the Fifth Circuit recognized that exhaustion of administrative remedies prior to suit is mandatory, and that district courts have no discretion to stay § 1983 prisoner cases when they are filed before prisoners have exhausted administrative remedies.  The Fifth Circuit concluded, as follows:

> District courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint.  It is irrelevant whether exhaustion is achieved during the federal proceeding.  Pre-filing

3

exhaustion is mandatory, and the case must be dismissed if available
administrative remedies were not exhausted.

*Gonzales*, 702 F.3d at 788.  A prisoner's grievance must be sufficiently specific to provide

officials with "a fair opportunity to address the problem that will later form the basis of the

lawsuit."  *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004).  The PLRA dictates proper

exhaustion, meaning that "prisoners must complete the administrative review process in

accordance with the applicable procedural rules—rules that are defined not by the PLRA, but by

the prison grievance process itself."  *Butts v. Martin*, 877 F.3d 571, 582 (5th Cir. 2017) (quoting

*Jones*, 549 U.S. at 218); );  *see also Cantwell v. Sterling*, 788 F.3d 507, 509 (5th Cir. 2015)

("Exhaustion is defined by the prison's grievance procedures, and courts neither may add to nor

subtract from them.").  The exhaustion requirement is satisfied only if the prisoner pursues the

administrative remedy "to conclusion."  *Wilson v. Epps*, 776 F.3d 296, 301 (5th Cir. 2015)

(citing *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001)).

The MDOC's Administrative Remedy Program ("ARP") is detailed in Chapter VIII of

the Inmate Handbook, which is filed as Exhibit "B" to Defendants' summary judgment motion.

*See* [35-2] at 17-18.  MDOC employs a two-step ARP process through which an inmate may

present grievances relating to his incarceration.  *See Jackson v. Hall*, 763 F. App'x 376, 377 (5th

Cir. 2019).  To utilize the ARP,

> [a]n inmate must file a grievance within 30 days of the complained of incident.
> The grievance is reviewed by the prison's legal-claims adjudicator and, if there
> is an adverse response at the first step, the inmate may appeal to step two.  If the
> inmate disagrees with the step two response, he may sue.

*Wheater v. Shaw*, 719 F. App'x 367, 369-70 (5th Cir. 2018).

4

In support of their summary judgment motion, Defendants submit an Affidavit from Janice Williams, the ARP Coordinator at WCCF. [38] at 1. In the affidavit, Williams states that "[a] complete copy of the grievances submitted by McGowan at WCCF is attached to this Affidavit as Exhibit 1." *Id.*

The ARP records demonstrate that on October 1, 2021, Plaintiff submitted a grievance complaining about an incident that occurred on September 24, 2021. [38] at 4. On October 5, 2021, Plaintiff received notification from the ARP Clerk that he was granted a five-day extension to correct his ARP grievance along with a letter dated October 1, 2021, instructing Plaintiff to submit "only one complaint/request" in his ARP grievance. *Id.* at 3, 6. Plaintiff submitted on October 13, 2021, another grievance concerning the September 24, 2021, incident and requested as relief $1 million. *Id.* at 9. That grievance was assigned number WCCF-21-746. *Id.* at 7. Grievance WCCF-21-746 was rejected on November 8, 2021, because it was "BEYOND THE POWER OF ARP TO GRANT." *Id.* Plaintiff received notice that grievance WCCF-21-746 was rejected on November 11, 2021. *Id.* at 10. The ARP records show that Plaintiff did not submit a corrected grievance or any further grievance relating to the September 24 incident. [38] at 3–38.

Defendants maintain that Plaintiff failed to complete the ARP process for his grievances. For these reasons, Defendants argue they are entitled to summary judgment for Plaintiff's failure to exhaust his administrative remedies. As stated above, Plaintiff did not file a response to the summary judgment motion, and the time for doing so has expired.

After review of Plaintiff's ARP records, it is clear that Plaintiff did not complete the ARP process for his grievance. [38] at 3–38. Plaintiff may not simply initiate the grievance process, but he must "complete the administrative review process in accordance with the applicable rules"

5

before pursuing a § 1983. *Neely v. Hawkins*, 765 F. App'x 102 (5th Cir. 2019) (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). Plaintiff cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal" because "proper exhaustion of administrative remedies is necessary." *Woodford,* 548 U.S. at 83-84. Even if the relief a prisoner-plaintiff seeks in his ARP grievance cannot be granted by the administrative remedy process, he must complete the process before filing suit. *Booth*, 532 U.S. at 741 (finding "Congress mandated exhaustion" by passage of the PLRA "regardless of the relief offered through administrative procedures"); *Lewis v. Doe, I*, 840 F. App'x 784, 785 (5th Cir. 2021) (finding exhaustion was not excused because MDOC ARP could not award the requested relief of monetary damages to Plaintiff). Simply put, exhaustion is not complete until Plaintiff pursues the administrative remedy "to conclusion." *Wilson*, 776 F.3d at 301.

"Pre-filing exhaustion is mandatory, and [this] case must be dismissed if available administrative remedies [are] not exhausted." *Gonzalez*, 702 F.3d at 788; *Ross v. Blake*, 578 U.S. 632, 639 (2016) (noting PLRA exhaustion requirement is mandatory, "foreclosing judicial discretion"). Because Plaintiff did not complete the available ARP grievance procedures prior to filing this case, he has not exhausted his administrative remedies and dismissal of this case is required.

IV.    <u>CONCLUSION</u>

For the foregoing reasons, the undersigned recommends that Defendants' Motion for Summary Judgment [35] be granted and this case be dismissed.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation

6

within fourteen (14) days after being served with a copy[1] shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 26th day of September, 2023.

*s/ F. Keith Ball*
UNITED STATES MAGISTRATE JUDGE

---

[1] Where a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court.  *See* Fed. R. Civ. P. 5(b)(2)(C).