IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

LADARRIUS MCGOWAN, #211826                                    PLAINTIFF

V.                              CIVIL ACTION NO. 5:22-cv-46-DCB-FKB

AISHA PULLIAM, et al.                                        DEFENDANTS

ORDER ADOPTING REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Magistrate Judge Ball's Report and Recommendation ("Report") [ECF No. 44] concerning Defendants' Motion for Summary Judgment [ECF No. 35] based on Plaintiff's failure to exhaust administrate remedies. The Report was entered on September 26, 2023, and objections to it were due by October 10, 2023. No party has filed an objection, and the time to do so has elapsed.

Judge Ball recommended that the Court grant summary judgment and dismiss the case. [ECF No. 44] at 1. Specifically, the Report found that the "proper exhaustion" requirement was not satisfied because the movant failed to exhaust the two-step Mississippi Department of Corrections Administrative Remedy Program ("ARP") process before filing his Complaint. Id. at 5-6. The Report reasoned that pre-filing exhaustion is mandatory and non-discretionary before pursuing an action under § 1983. Id. at 6.

I. Legal Standard

1

Where no party has objected to a Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Where there are no objections, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review to the Report. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

"A court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "On a motion for summary judgment, the court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." E.E.O.C. v. WC&M Enters., Inc., 496 F.3d 393, 397 (5th Cir. 2007).

## II. DISCUSSION:

The applicable section of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, provides that "[n[o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or

2

other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The language of the statute requires an inmate bringing a civil rights action in the Court to first exhaust his available administrative remedies. Booth v. Churner, 532 U.S. 731, 739 (2001). In Porter v. Nussle, the Supreme Court held that "exhaustion in cases covered by § 1997e(a) is now mandatory" and is no longer left to the discretion of the district court. 534 U.S. 516, 524 (2002). The Supreme Court further confirmed that exhaustion was mandatory under the PLRA and that "unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211 (2007).

The Fifth Circuit adopted this requirement and held that "the PLRA pre-filing exhaustion requirement is mandatory and non-discretionary," and that "district courts have no discretion to waive the PLRA's pre-filing exhaustion requirement." Gonzalez v. Seal, 702 F.3d 785, 787-88 (5th Cir. 2012) (per curiam). "Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted." Id. at 788.

Exhaustion under the PLRA requires "proper exhaustion," meaning the movant must "us[e] all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." Woodford v. Ngo, 548 U.S. 81, 91 (2006) (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002) (emphasis in original)). The movant

3

is required to do more than merely initiate the grievance process or file a complaint against the prison officials. Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001). The PLRA's exhaustion requirement "is satisfied only if the prisoner 'pursue[s] the grievance remedy to conclusion.'" Wilson v. Epps, 776 F.3d 296, 301 (5th Cir. 2015).

The Report noted that Plaintiff did not complete the two-step ARP process for his grievance. Exhaustion "is satisfied only if the prisoner 'pursue[s] the grievance remedy to conclusion." Epps, 776 F.3d at 301. Because Plaintiff did not pursue the grievance under the two-step ARP process to its conclusion, he has not properly exhausted his administrative remedies before filing this lawsuit. For these reasons, the Court agrees with the Report.

## IV. Conclusion

After conducting a de novo review, the Court agrees with the Report.

Accordingly,

IT IS HEREBY ORDERED that Judge Ball's Report is ADOPTED as the findings and conclusions of this Court.

IT IS FURTHER ORDERED that Defendant's Motion is GRANTED on the grounds that the Plaintiff did not exhaust his administrative remedies prior to filing suit.

IT IS FURTHER ORDERED that Plaintiff's Complaint is hereby dismissed without prejudice.

A Final Judgment shall be entered of even date herewith pursuant to Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED, this 17th day of October, 2023.

/s/ David Bramlette\
DAVID C. BRAMLETTE III\
UNITED STATES DISTRICT JUDGE